**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Detrick L. Stenhouse, Appellant.

Appellate Case No. 2016-000154

———————

Appeal From Greenville County
J. Cordell Maddox, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-407
Submitted September 1, 2017 – Filed October 25, 2017

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) ("A traffic stop supported by reasonable suspicion of a traffic violation remains valid until the purpose of the traffic stop has been completed."); *id.* ("[A]n officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop." (quoting *Arizona v. Johnson*, 555 U.S. 323, 333 (2009))); *Michigan v. Long*, 463 U.S. 1032, 1049 (1983) ("[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing the suspect is dangerous and the suspect may gain immediate control of weapons." (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968))); *State v. Woodruff*, 344 S.C. 537, 549, 544 S.E.2d 290, 296 (Ct. App. 2001) ("[A] protective search—permitted without a warrant and on the basis of reasonable suspicion less than probable cause—must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.'" (quoting *Terry*, 392 U.S. at 26)).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.